1
2
3
4
5
6
7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JERRY LYNN TAYLOR,

11             Petitioner,            No. CIV S-07-0336 LKK KJM P

12      vs.

13  JAMES A YATES, Warden,

14             Respondent.        <u>ORDER TO SHOW CAUSE</u>

15  _____/

16             Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17  habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18  pauperis.

19             Examination of the in forma pauperis application reveals that petitioner is unable

20  to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21  granted.  <u>See</u> 28 U.S.C. § 1915(a).

22             Petitioner challenges his 1985 Amador County conviction following his plea of

23  guilty to voluntary manslaughter with use of a firearm.[1]

24  ————————————

25       [1] Although petitioner's thirteen year sentence for this conviction has long since expired,
he is nevertheless in custody as a result of a 1987 Santa Cruz County conviction of seven-years

26  to life.

I.   The Statute Of Limitations

One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA) made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

A conviction is final for purposes of the AEDPA statute of limitations at the expiration of the ninety day period for seeking certiorari.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999).  Petitioner does not provide the date the California Supreme Court denied his petition for review, but does list April 11, 1986 as the date the Court of Appeal denied his direct appeal.  It appears, then, that the statute of limitations began to run at the very latest in early 1987 and expired in 1988.  The current petition is not timely.

The statute of limitations is tolled during the pendency of any "properly filed" state collateral attack on the judgment.  Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

1   However, a state collateral attack filed after the statute of limitations has expired does not revive

2   the limitations period.  Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003).  It appears that

3   petitioner's superior court petition was not filed until 2004, long after the expiration of the

4   statute of limitations.

5           Petitioner argues, in essence, that he did not discover the legal significance of

6   ground one in the petition -- that the seizure of some of his personal property prevented him from

7   selling it to hire counsel of choice -- until recently when he found several cases on the subject.

8   See 28 U.S.C. § 2254(d)(1)(D).  However, a petitioner's failure to understand the legal

9   significance of a known fact does not delay the running of the statute of limitations.  Hasan v

10  Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Memorandum of Points and Authorities (Mem.

11  P. & A.) at iii.

12  II.  Equitable Tolling

13          The Ninth Circuit has held:

14              We will permit equitable tolling of AEDPA's limitations period
                only if extraordinary circumstances beyond a prisoner's control
15              make it impossible to file a petition on time.  When external
                forces, rather than a petitioner's lack of diligence, account for the
16              failure to file a timely claim, equitable tolling of the statute of
                limitations may be appropriate.
17

18  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted).  It

19  is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of

20  the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  To meet his burden, petitioner must

21  demonstrate  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

22  circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

23          Petitioner suggests he is entitled to equitable tolling, because he is "a layperson at

24  law," was required to undertake "further research" to develop his claims, and did not understand

25  habeas procedures.  Mem. P. & A. at iv.  As the Ninth Circuit and other Courts of Appeals have

26  recognized,"pro se status, on its own, is not enough to warrant equitable tolling."  Roy v.

1   Lampert, 465 F.3d 964, 970 (9th Cir. 2006); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.

2   2000) (ignorance of the law); Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002) (pro per status).

3    Petitioner's unfamiliarity with the law, substantive or procedural, is not a basis for equitable

4   tolling.

5           Petitioner then claims he could not timely prepare his petition because his law

6   library time was limited as the result of lockdowns, the time required by his prison job and

7   problems with obtaining the necessary photocopies.  Several courts have rejected the impact of a

8   lock-down or of restrictions on law library access as bases for equitable tolling unless the

9   petitioner can show actual harm.  Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000)

10  (no connection shown between lockdown and inability to file); Wilson v. Bennett, 188 F. Supp.

11  2d 347, 353 (S.D.N.Y. 2002) (limited access to library); Lindo v. Lefever, 193 F. Supp. 2d 659,

12  663 (E.D.N.Y. 2002) (same).  Petitioner has not made any attempt to link lockdowns and limited

13  law library hours to his inability timely to file his petition.  Nor does it appear likely that he

14  could do so, given the gap between the expiration of the statute of limitations and the

15  commencement of petitioner's collateral attacks.

16          Two of petitioner's claims merit further attention.  First, he contends that the

17  delay is justified because of "the inaccessibility of reliable legal materials."  The Ninth Circuit

18  has recognized that the unavailability of legal materials about the AEDPA may be a basis for

19  equitable tolling.  Roy, 465 F.3d at 974.  Petitioner has not, however, described what legal

20  materials he sought or when they became available or presented anything but conclusory claims

21  that he could not file in a timely fashion because of problems obtaining legal materials.

22          Second, petitioner avers that appointed counsel and the courts were not

23  "responsive to . . . past requests for . . . trial transcripts, police reports, sworn depositions, court

24  exhibits and other documents of evidentiary value. . . ."  Mem. P. & A. at v.  The Ninth Circuit

25  has recognized that equitable tolling may be justified when, through no fault of his own, a habeas

26  petitioner was separated from his legal files and transcripts.  Thus, in Lott v. Mueller, 304 F.3d

4

918 (9th Cir. 2002), the court recognized that if petitioner was able to bear his burden of

showing that he was deprived of his legal material for a period of eighty-two days when he was

away from the prison, he might be entitled to equitable tolling.  See also  Espinoza-Matthews,

432 F.3d at 1024 ("it is 'unrealistic to expect [a habeas petitioner] to prepare and file a

meaningful petition on his own within the limitations period' without access to his legal file." Id.

at 1027; United States v. Battles, 362 F.3d 1195, 1197-98  (9th Cir. 2004) (habeas petitioner may

be entitled to equitable tolling if he can show how lack of transcripts hampered his ability timely

to file).  Once again, petitioner has presented nothing but conclusory allegations.  He will be

given an opportunity to submit additional argument and exhibits, if any, on these two points.

III.  Actual Innocence

        In Schlup v. Delo, 513 U.S. 298, 314-15 (1995), the Supreme Court held that a

habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a

"fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional

claim[s]" considered on the merits.  The Ninth Circuit has suggested that a sufficient Schlup

showing might overcome the bar of the statute of limitations.  Majoy v. Roe, 296 F.3d 770, 775-

76 (9th Cir. 2002).  Ultimately, it is petitioner's burden to demonstrate actual innocence.

Jaramillo v. Stewart, 340 F.3d 877, 883 (9th Cir. 2003).

        The Supreme Court has recognized that this exception to the statute of limitations

is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence

not presented at trial.  Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559

(1998).  A petitioner's own "late-offered testimony is not 'new' because it was available at trial,"

nor is a mere "repackaging of the record as presented at trial."  Hubbard v. Pinchak, 378 F.3d

333, 340-41 (3d Cir. 2004), cert. denied sub nom. Hubbard v. Moore, 543 U.S. 1070 (2005).

        Once petitioner has presented such evidence, a court must consider the new

evidence in light of the evidence as a whole, and must determine whether in light of all the

evidence, it is more likely than not that no reasonable juror would have found petitioner guilty

1   beyond a reasonable doubt.  <u>Doe v. Menefee</u>, 391 F.3d 147, 166 (2d Cir. 2004), <u>cert. denied</u>,

2   ___ U.S. ___, 126 S.Ct. 489 (2005).  The same standard is applied even when, as here, the

3   conviction is based on a plea.  <u>United States v. Torres</u>, 163 F.3d 909, 912 n.15 (5th Cir. 1999).

4           Petitioner has offered a "repackaging of the facts," based on evidence that was

5   available to him at trial;[2] indeed, he refers at length to police reports, witness accounts and

6   testimony, all of which were presented at trial or were available to him at the time.  <u>See</u>, <u>e.g.</u>, Pet.

7   at 24-25, 27, 31.  Because he has not presented new, reliable evidence, there is no need for the

8   court to consider it in light of the evidence as a whole.  And because petitioner has not borne his

9   burden of demonstrating actual innocence, he is not entitled to equitable tolling on this basis.

10  IV.  <u>Appointment Of Counsel</u>

11          Petitioner has requested the appointment of counsel.  There currently exists no

12  absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d

13  453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

14  any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Fed. R. Governing

15  § 2254 Cases.  In the present case, the court does not find that the interests of justice would be

16  served by the appointment of counsel at the present time.

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  

---

25      [2]  He refers to various exhibits in support of his claim of innocence; none are attached to
    the lengthy habeas petition.  However, even if they were, the court's determination would not
26  change, for petitioner's own narrative account of the facts shows that the materials all were
    available and known to him at the time of the aborted trial and his plea.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within thirty days of the date of this order, petitioner show cause why his petition should not be dismissed for untimeliness.  Petitioner is directed to respond only to the two issues identified by the court in the body of this order, on pages 4 and 5, and to limit his argument to ten pages; supporting exhibits, if any, will not be counted as part of the ten pages.

2.  Petitioner's February 20, 2007 request for the appointment of counsel is denied.

DATED:  April 16, 2007.

_____
U.S. MAGISTRATE JUDGE

2

tayl0336.osc

7