IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LYNN TAYLOR,

    Petitioner,                    No. CIV S-07-336 LKK CHS P

    vs.

JAMES A. YATES, et al.,

    Respondents.         ORDER

_____/

      Petitioner Jerry Lynn Taylor is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  Petitioner seeks to challenge his 1985 Amador County conviction for voluntary manslaughter with use of a firearm.  On April 16, 2007, this court issued an order to show cause why the petition should not be dismissed as untimely under the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(d).  Petitioner's May 16, 2007 response and February 22, 2008 supplemental response are before the court.

      Upon review of this matter, however, another issue which must first be addressed has become apparent.  Title 28 U.S.C. §2254 provides that a writ of habeas corpus is available only to "a person in custody pursuant to the judgment of a State court."  A habeas corpus petitioner must be "in custody" pursuant to the particular conviction or sentence under attack at

the time he files his petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" requirement of §2254 is jurisdictional. *Maleng*, 490 U.S. at 490. A district court's jurisdiction must be established as a threshhold matter. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

In this case, it appears that petitioner was no longer in custody for the challenged 1985 Amador County conviction on the date he filed the pending petition. It appears that he was in custody for a subsequent 1987 Santa Cruz County conviction, however, the petition does not allege any facts suggesting that he was still suffering an extension of confinement or any other adverse legal consequences from the former 1985 conviction challenged in the petition.

Accordingly, petitioner will be allowed an opportunity to correct the insufficient jurisdictional allegations in his petition.

IT IS HEREBY ORDERED that:

1. On or before Friday, October 10, 2009, petitioner must file an amendment to his petition establishing whether he is still in custody pursuant to the challenged 1985 Amador County conviction.

Dated: September 4, 2009.

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE