1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY LYNN TAYLOR,

11           Petitioner,                    No. CIV S-07-336 LKK CHS P

12        vs.

13   JAMES A. YATES, et al.,

14           Respondents.        LIMITED ORDER TO SHOW CAUSE

15   _____/

16           Petitioner is a state prisoner proceeding pro se.  On February 20, 2007, he filed a

17   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with an application to

18   proceed in forma pauperis.  Examination of the in forma pauperis application reveals that

19   petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma

20   pauperis will be granted, nunc pro tunc.  See 28 U.S.C. § 1915(a).

21           The pending petition seeks to challenge petitioner's 1985 Amador County

22   voluntary manslaughter conviction.  Although it appears that his thirteen year sentence for this

23   conviction has long since expired, it also appears that he is nevertheless in custody as a result of a

24   subsequent 1987 Santa Cruz County conviction for first degree murder with use of a firearm and

25   resulting sentence of seven years to life.

26   /////

1

1    Before the merits of petitioner's claims can be reviewed, a jurisdictional issue

2    must first be resolved.  The pending petition filed on February 20, 2007 does not sufficiently

3    allege that petitioner was in custody pursuant to the challenged 1985 conviction.  This is a

4    jurisdictional requirement for bringing a federal habeas corpus action.  *See* 28 U.S.C. §

5    2241(e)(3); 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 494 (1989).  Since a district

6    court's jurisdiction must be established as a threshold matter (*see Maleng*, 490 U.S. at 490),

7    petitioner was ordered to file an amendment to his petition establishing whether he was still in

8    custody pursuant to the challenged 1985 Amador County conviction on the date of filing.

9    On September 28, 2009, petitioner complied with the order, submitting along with

10   his response documentation related to the execution of his sentence for the 1987 conviction.  It

11   appears that petitioner's response may be insufficient to sustain federal habeas corpus

12   jurisdiction, although, some of the attached documentation was somewhat confusing in this

13   regard.[1]

14   Petitioner appeared to allege that he was still in custody because of impaired

15   parole prospects.  Once a sentence imposed for a state court conviction has completely expired,

16   an alleged collateral consequence of that conviction, such as an impaired prospect for parole,[2] is

17   not itself sufficient to render an individual "in custody" for the purpose of a habeas corpus attack.

18   *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Feldman v. Perrill*, 902 F.2d 1445, 1448-49 (9th Cir.

19   1990) ("Because the sentence for this conviction expired before [the petition was filed], it cannot

20   satisfy the "in custody" requirement- even though it may have had the collateral consequences of

21

22   [1] In particular, a CDCR Committee Action Summary indicates that petitioner's first degree
23   murder offense was "consecutive to" his prior voluntary manslaughter conviction, while the final
     document included appears to note that the sentence for his 1985 conviction was merged with his
24   life term for the 1987 conviction pursuant to Cal. Penal Code §669.

25   [2] While collateral consequences may in some cases preclude a finding of mootness (a
     different issue from the jurisdictional "in custody" requirement), the Ninth Circuit has held that
26   impaired parole prospects from a challenged conviction do not constitute a collateral consequence
     in any event.  *See Wilson v. Terhune*, 319 F.3d 477, 482 (9th Cir. 2003).

1 enhancing his subsequent federal sentence, delaying his release on parole and postponing the end

2 of his parole term").

3       Petitioner has failed to affirmatively demonstrate that he was "in custody"

4 pursuant to the 1985 conviction at the time his petition was filed, nevertheless, the "in custody"

5 jurisdictional requirement could be satisfied under two possible scenarios: (1) if the sentence for

6 petitioner's 1987 conviction was enhanced by virtue of his 1985 conviction; or (2) if his 1987

7 sentence was imposed consecutively to his 1985 sentence.

8       In the Supreme Court case cited above, Maleng v. Cook, the petitioner Cook filed

9 a pro se petition for habeas corpus relief, challenging a 1958 state court conviction which

10 "expired by its terms in 1978." 490 U.S. 488, 489 (1989). At the time his petition was filed in

11 1985, Cook was serving a federal sentence for bank robbery and conspiracy. *Id*. He was

12 scheduled to return to state custody at the conclusion of his federal sentence to immediately

13 begin serving a sentence stemming from a 1978 state court conviction. *Id*. The district court had

14 dismissed Cook's petition for lack of subject matter jurisdiction, citing the "in custody"

15 requirement of section 2254.

16       As set forth above, the Supreme Court in *Cook* held that "once the sentence

17 imposed for a conviction has completely expired, the collateral consequences of [a state court]

18 conviction are not themselves sufficient to render an individual "in custody" for the purposes of a

19 habeas corpus attack on [the expired state court conviction]." *Id*. at 492. Rather than dismissing

20 the petition for lack of subject matter jurisdiction, however, the Court liberally construed Cook's

21 pro se petition "as asserting a challenge to the 1978 [state court] sentences, as enhanced by the

22 allegedly invalid prior [state court] conviction." *Id*. at 493. Relying on its decision in *Peyton v.*

23 *Rowe*, 391 U.S. 54 (1968) (holding that a petitioner serving the first of two consecutive sentences

24 met the habeas corpus statute's "in custody" requirement for challenging the second sentence

25 which he had not yet begun to serve), the Court deemed Cook to be "in custody" under the 1978

26 state sentences. *Cook*, 490 U.S. at 493-94.

1    Based on the Supreme Court's decision in *Cook*, the pending petition could be

2    construed as a challenge to petitioner's 1987 Santa Cruz county sentence, as enhanced by the

3    allegedly invalid prior 1985 Amador County conviction, if indeed his 1987 sentence was so

4    enhanced.  But petitioner has not specifically alleged, nor is it clearly apparent from the record,

5    whether his 1987 sentence conviction was enhanced by nature of the 1985 conviction.

6    In another case, *Garlotte v. Fordice*, the Supreme Court held that a series of

7    consecutive sentences must be treated as a "continuous stream," so that a petitioner "remains 'in

8    custody' under all of his sentences until all are served."  515 U.S. 39, 45-46 (1995).  The Court

9    reasoned that, in the case before it, the challenge against the expired sentence, if successful,

10   would shorten the petitioner's term of incarceration by advancing the start date of his subsequent

11   sentence.  *Id*. at 47.  It is clearly the holding of *Garlotte* that consecutive sentences should be

12   viewed in the aggregate, and not as discrete segments.  *Id*. at 47.

13   In *Garlotte*, the petitioner had been convicted and sentenced to his consecutive

14   sentences by the same trial court at the same time.  *Id*. at 41-42.  In the pending case, petitioner's

15   two sentences were imposed by different state courts at different times.  Both the Third and

16   Tenth Circuits have applied *Garlotte* to circumstances where the petitioner is serving consecutive

17   state sentences that were not imposed by the same court at the same time.  *DeFoy v. McCullough*,

18   393 F.3d 439, 442 (3rd Cir. 2005); *Foster v. Booher*, 296 F.3d 947, 950 (10th Cir. 2002) (holding

19   that *Garlotte* "sets out a clear and broad rule that we must 'view consecutive sentences in the

20   aggregate, not as discrete segments").  The Ninth Circuit has not addressed this particular issue,

21   but has declined to extend the holding of *Garlotte* to a situation where a petitioner who had been

22   released from state custody directly into federal custody sought to challenge the expired state

23   conviction.  *Allen v. State of Or.*, 153 F.3d 1046, 1048 (9th Cir. 1998) (holding "*Garlotte* applies

24   only when the petitioner is still in the custody of the same sovereign responsible for the

25   challenged conviction.") (citing *Contreras v. Schiltgen*, 122 F.3d 30, 33 (9th Cir. 1997)).  Here,

26   at the time the pending petition was filed, petitioner was (and still is) in custody of the state of

1  California, the same sovereign responsible for his 1985 conviction.

2          Based on the Supreme Court's decision in *Garlotte*, if the sentence for petitioner's
3  1987 conviction was imposed consecutively to the sentence for his 1985 conviction, he remains
4  "in custody" for jurisdictional purposes on both sentences until both expire.  But it is uncertain
5  from the record, whether his sentence for the 1987 conviction was imposed consecutively to the
6  sentence for the 1985 conviction he was then serving.

7          Pro se pleadings are held to less stringent standards than more formal pleadings
8  drafted by lawyers.  *See*, *e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A pro se habeas
9  petition and any supporting submissions must be construed liberally and with tolerance by the
10  reviewing court.  *See*, *e.g.*, *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).  At the same time, a
11  district court's jurisdiction must, without exception, be established as a threshold matter.  *See*
12  *Maleng*, 490 U.S. at 490.

13          Accordingly, respondents will be directed to file a brief response limited to the
14  jurisdictional question outlined herein.  Should jurisdiction be found to exist, respondents will be
15  allowed an opportunity and additional time to respond to the merits of the petitioner's claims.
16  Respondents' position with respect to the jurisdictional question shall be supported with
17  documentation relating to petitioner's 1987 conviction and sentence to the extent possible.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Petitioner's application to proceed in forma pauperis is granted;

20          2.  Respondents are directed to file a brief response to this order, limited to the
21  issue of whether this court has jurisdiction over the claims presented in the pending petition,
22  within 30 days;

23          3.  Also within 30 days of the date of this order, petitioner may, but is not required
24  to, file his own response to this order, also limited to the issue of whether this court has
25  jurisdiction over his claims; and

26  /////

4.  The Clerk of the Court shall serve a copy of this limited order to show cause together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell,  Senior Assistant Attorney General.

DATED: December 15, 2009.

*Charlene H. Sorrentino*

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE