IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY LYNN TAYLOR,

    Petitioner,                               No. CIV S-07-336 LKK CHS P

    vs.

JAMES A. YATES, et al.,

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction and Background

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his 1985 voluntary manslaughter conviction entered in Amador County pursuant to a plea of guilty.

    On April 16, 2007, this court issued an order to show cause why the petition should not be dismissed as untimely under the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. §2244(d). Petitioner's May 16, 2007 response and February 22, 2008 supplemental response are before the court.

    Before the statute of limitations issue was resolved, another potential problem with the pending petition became apparent. In order for this court to have jurisdiction over this

matter, petitioner must be challenging a judgment for which his is in custody. 28 U.S.C. § 2241(c)(3); § 2254(a). Petitioner had not alleged that he was still in custody pursuant to the challenged 1985 Amador County conviction. Rather, it appeared that the sentence for the 1985 Amador County conviction had expired but that he was nevertheless in custody on a subsequent, unrelated 1987 conviction Santa Cruz County.

On December 16, 2009, respondents were ordered to file a brief statement addressing the issue of whether this court has jurisdiction over the claims presented in the pending petition. Their January 15, 2010 response is before the court. The documents attached to the response indicate that the sentence for petitioner's 1987 conviction was imposed consecutively to the sentence for his 1985 conviction. Pursuant to the holding of the United States Supreme Court in *Garlotte v. Fordice*, petitioner's two consecutive sentences must be viewed as a "continuous stream" and he remains in custody under both sentences until both are served. 515 U.S. 39, 41 (1995); *see also Allen v. State of Oregon*, 153 F.3d 1046, 1048 (9th Cir. 1998). Petitioner is still "in custody" for his 1985 conviction and this court is assured of its jurisdiction over the pending petition.

## II. Statute of Limitations

In any event, however, the petition is untimely. The Anti-terrorism and Effective Death Penalty Act ("AEDPA") became law on April 24, 1996 and imposed for the first time a one year statute of limitations for state prisoners to file habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). Although the statute of limitations issue is not jurisdictional, a district court has the authority to raise the issue *sua sponte*, even after the initial screening stage. *Day v. McDonough*, 547 U.S. 198, 209 (2006). In an order dated April 16, 2007, the pending petition was deemed untimely under the applicable one year statute of limitations and petitioner was ordered to show cause why it should not be dismissed. As previously noted, his May 16, 2007 response and February 22, 2008 supplemental response are before the court.

/////

As directed, petitioner has addressed the specific circumstances for which he contends that equitable tolling is warranted. Petitioner contends that he is entitled to equitable tolling because of two specific circumstances: (1) he was separated from all of his legal materials during a temporary housing transfer which lasted for two years, and (2) he *never* received transcripts and other desired documentation relating to the 1985 conviction.

"[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The Ninth Circuit has held that equitable tolling of the filing deadline for a habeas petition is only available if "*extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotations and citation omitted). This determination is highly fact-dependent, and petitioner bears the burden to show that equitable tolling is warranted. *Espinoza-Matthews v. People of the State of California*, 432 F.3d 1021, 1026 (9th Cir. 2005). In *Pace v. DiGuglielmo*, the Supreme Court held that in order to meet the burden for equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. 408, 418 (2005).[1]

In *Lott v. Mueller*, the Ninth Circuit found that a petitioner's deprivation of legal materials for 82 days due to temporary housing transfers was an "extraordinary circumstance" sufficient to warrant equitable tolling for that time period. 304 F.3d 918, 924 (9th Cir. 2002). Similarly, equitable tolling has been applied where a petitioner demonstrated that, despite due diligence, he had no access to his legal materials for approximately 11 months while he was housed in administrative segregation. *Espinoza-Matthews*, 432 F.3d at 1027 ("After his release from Ad/Seg, Espinoza-Matthews had only slightly over a month with his legal file to try to prepare a proper petition. Under those circumstances Espinoza-Matthews is entitled to equitable

---

[1] It need not be decided whether the Supreme Court in *Pace* lowered the bar for equitable tolling when it framed the standard in slightly different and less absolute terms than the Ninth Circuit has used both before and after that case was decided. *See Espinoza-Matthews*, 432 F.3d at 1026 at n.5. Petitioner has not met the potentially less demanding standard of *Pace* in any event.

tolling.")

Citing the above cases, petitioner contends that he was separated from his legal materials relating to the Amador County conviction for an even longer time, a full two years beginning in May of 1985 when he was transferred to the Santa Cruz County Jail to await trial on an unrelated matter. During this period of time, however, the AEDPA's limitation period had not begun to run since it had not yet been enacted. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997) (rejecting retroactive application of AEDPA's one year statute of limitations, which became law on April 24, 1996), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc), *cert. denied*, 526 U.S. 1060 (1999). Thus equitable tolling cannot be applied for the first circumstance alleged by petitioner.

Petitioner's second contention in support of equitable tolling is that he

> was never given transcripts of either his pre-trial hearings, the trial, or the post-trial hearings pertaining to the Amador County homicide case. To this very day, 22 years later, Petitioner has been unable to acquire them. The only documents related to the Amador County case that Petitioner was ever able to acquire were a handful of police reports and interviews. It was only due to the tireless investigative efforts of Petitioner's adult son Jerad Clinton Taylor, over the past year, that enough of the police reports and interviews were obtained to put together the instant federal habeas corpus petition, memorandum of points and authorities, and supporting exhibits.

(Pet. Resp. at 2.)

In *Ford v. Hubbard*, the Ninth Circuit specifically declined to decide whether "an attorney's failure or refusal to provide a habeas client with important parts of his legal file may rise to the level of 'extraordinary circumstances' for purposes of equitable tolling." 330 F.3d 1086, 1107 (9th Cir. 2003), *cert. granted and overruled on other grounds in Pliler v. Ford*, 124 S.Ct. 981 (Jan. 9, 2004). In another, previous case, it was noted that a habeas petitioner could potentially be entitled to equitable tolling if he could show that lack of access to transcripts was an extraordinary circumstance that made it impossible to file on time. 362 F.3d 1195, 1198 (9th

4

Cir. 2002). That case was remanded to the district court so the record could be developed on the issue of causation. *Battles*, 362 F.3d at 1198.

Here, petitioner has had a chance to fully explain his argument for equitable tolling based on the lack of access to transcripts and other documents. He alleges that he attempted, unsuccessfully, to acquire the desired transcripts from both his trial attorney and the attorney who represented him on appeal. Petitioner attached a copy of a October 22, 1994 letter to his appellate attorney and the appellate attorney's response indicating that he no longer had the file as he believed he had already returned it to petitioner. Petitioner states that he also requested his legal file and transcripts in 1992 and again in 2000 from the attorney who represented him up to and during entry of his voluntary manslaughter plea. He received no response to these requests. Petitioner has further attached a copy of a motion he filed in state court in 2005 entitled "Ex Parte Motion for Production of Transcripts and other Court Documents..."

Only two of the demonstrated attempts to obtain the desired transcripts and documents were undertaken after the date of the AEDPA's enactment; petitioner unsuccessfully requested materials from his former defense attorney in 2000 and unsuccessfully attempted to obtain production of transcripts and other documents through the state court in 2005. These two attempts to not show that petitioner was pursuing his rights diligently during the time that the statute of limitations was running from the AEDPA's enactment on April 24, 1996 until the pending petition was filed on February 20, 2007.

Moreover, petitioner fails to explain exactly how the lack of access to documents and transcripts actually prevented him from filing a timely federal habeas corpus petition. The fact that petitioner ultimately filed a petition without access to the desired transcripts and documentation does not necessarily mean that he could have previously made a timely filing such that equitable tolling would be barred. *Battles*, 362 F.3d 1195, 1198 at n.5 ("Were it otherwise, a person who in desperation finally filed something anyway would be barred, ipso facto, whereas a person who did not file at all would not be.") Of course, a petitioner's actual filing may show

5

1 that he was not truly delayed at all. *Id*. Here, petitioner states that he eventually managed to file the pending petition by relying "mainly on his memory" in addition to utilizing some police reports and interviews that were newly obtained.

The content of the pending petition was additionally reviewed. Although petitioner entered a guilty plea, he contends that he is actually innocent. He alleges that he pleaded guilty to voluntary manslaughter after his murder trial began in order to protect his ex-wife, whom he says committed the crime with another man. Petitioner presents the following seven grounds for relief in the petition: (1) his Sixth Amendment right to obtain counsel of his choice and to post bail was violated; (2) his confession was illegally obtained in violation of the Supreme Court's mandate in *Miranda v. Arizona*, 384 U.S. 436 (1966); (3) the prosecution illegally suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) he received ineffective assistance of counsel prior to trial, during trial, and up to and during entry of his guilty plea; (5) the prosecution engaged in misconduct that deprived him of a fair trial; (6) there was insufficient evidence to support his guilty plea; and (7) the cumulative effect of these alleged errors deprived him of a fair trial.[2]

Petitioner has thoroughly detailed in the pending petition the facts underlying each of the foregoing claims without use of the desired transcripts and other documents. It is not evident, nor does petitioner explain, exactly what the transcripts or other documents might show in relation to these claims, or how he could have used them to file a timely petition. Based on the foregoing, it does not appear that the lack of access to the desired transcripts or other documents

---

[2] Though not relevant to the immediate issue of whether equitable tolling is warranted, it appears that petitioner actually waived his right to bring most of the claims set forth in the pending petition when he entered his guilty plea. *See Gomez v. Berge*, 434 F.3d 940, 943 (7th Cir. 2006) (holding that most antecedent constitutional claims are waived by the entry of a guilty plea, but that a double jeopardy claim is not waived), *cert. denied*, 547 U.S. 1168 (2006). A guilty plea is an admission of guilt for the purposes of the case. *Hudson v. United States*, 272 U.S. 451, 455 (1926). When a criminal defendant has solemnly admitted in open court that he is guilty of a charged offense he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to entry of the plea, but may only attack the voluntary and intelligent nature of the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

actually stood in petitioner's way of filing a timely petition. Petitioner has failed to demonstrate a causal relationship between the alleged extraordinary circumstances on which his claim for equitable tolling rests and the lateness of his filing. *See Battles*, 362 F.3d at 1198; *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000) (a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing"); *Rosati v. Kernan*, 417 F.Supp.2d 1128 (C.D. Cal. 2006) (petitioner not entitled to equitable tolling because of allegedly missing transcripts where he did not explain how the lack of transcripts prevented him from timely filing his petition).

## III. Conclusion

"The threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation and brackets omitted). Here, petitioner has failed to carry his heavy burden of demonstrating that equitable tolling should be applied to any length of time between the enactment of the AEDPA on April 24, 1996, and the untimely filing of his petition more than ten years later, on February 20, 2007. For this reason, IT IS HEREBY RECOMMENDED that the pending petition for writ of habeas corpus be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2010

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE